**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PHYLLIS DIANE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 21-827-JLH |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM ORDER**

Plaintiff Phyllis Diane Foster appeals from an unfavorable decision of the Commissioner of the Social Security Administration[1] denying her application for disability insurance benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g).

The parties filed cross-motions for summary judgment. (D.I. 14; D.I. 18.) For the reasons announced from the bench on September 14, 2022, the Court will DENY Plaintiff's motion and GRANT the Commissioner's cross-motion, as I conclude that the Commissioner's decision is supported by substantial evidence and that there are no reversible errors.

**I.   LEGAL STANDARDS**

Courts review the Commissioner's factual findings for "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Kilolo Kijakazi was automatically substituted for former Commissioner of Social Security Andrew Saul when she succeeded him on July 9, 2021.

whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [("RFC")] to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.

> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of

all the claimant's impairments in determining whether he is capable
of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted).

The analysis is identical whether an application seeks disability insurance benefits or supplemental

security income.  *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II.    DISCUSSION

The Court's ruling was announced from the bench on September 14, 2022, as follows:

> I'm ready to give you my ruling on the cross-motions for
> summary judgment. I will summarize the reasons for my ruling in
> a moment.  But before I do, I want to be clear that my failure to
> address a particular argument advanced by a party does not mean
> that I did not consider it.  We have carefully considered the pertinent
> portions of the administrative record and the parties' briefs.  I am
> not going to read my understanding of the applicable law into the
> record today; however, we will incorporate the ruling I am about to
> state into a separate, written document, and we will include a
> summary of the applicable law in that document.

> The Court will deny Plaintiff's motion for summary
> judgment and grant the Commissioner's cross-motion for summary
> judgment.

> Plaintiff argues that the ALJ did not give sufficient weight
> to the medical opinions of treating providers Carina Rodriguez, MS,
> PT, and Michele Tjaden, FNP-PC, resulting in a step four RFC that
> did not account for all of Plaintiff's left upper extremity limitations.
> Ms. Rodriguez performed a Functional Capacity Assessment on
> September 11, 2019, in which she opined (among other things) that
> Plaintiff could never perform repetitive arm motions or wrist and
> hand motions and has no left hand function. (Transcript of Social
> Security Proceedings, D.I. 10 ("R.") at 901.)   Ms. Rodriguez
> completed a Medical Source Statement on September 19, 2019, in
> which she opined (among other things) that Plaintiff could never use
> her left upper extremity to reach above her shoulders or her left arm
> for reaching and can rarely use her left hand for handling and
> fingering. (R. 904.) On October 8, 2019, Ms. Tjaden wrote to
> Plaintiff's counsel that she "agree[d]" with Ms. Rodriguez's
> September 11, 2019 assessment. (R. 908.)

The ALJ considered the opinions of Ms. Rodriguez and Ms. Tjaden regarding Plaintiff's left upper extremity limitations and found that they were "not persuasive as the overall evidence of record does not support this degree of limitation." (R. 21.)  The ALJ concluded that Plaintiff had the RFC to perform "sedentary work as defined in 20 CFR 404.1567(a) except she can lift 10 pounds occasionally and up to 10 pounds frequently" and "can occasionally reach overhead with the upper left extremity." (R. 18.)

I find no error in the ALJ's consideration or treatment of the opinions of Ms. Rodriguez and Ms. Tjaden.  First, contrary to Plaintiff's argument, it is clear that the ALJ did not ignore those opinions.  Rather, the ALJ's written decision made clear that he considered them but did not credit them.  What's more, the ALJ's decision to give less weight to those opinions is consistent with 20 C.F.R. § 404.1520c(c)(2), which explains that the agency may find a particular medical opinion to be less persuasive when it is less consistent with the evidence from other medical sources and nonmedical sources in the record.  For example, the ALJ explained that the opinions of Ms. Rodriguez and Ms. Tjaden that Plaintiff had little to no use of her left arm and hand were inconsistent with record evidence that Plaintiff had elected a conservative course of treatment, consisting of over the counter medication and aqua therapy. (R. 21.)  The ALJ also found that such extensive limitations were inconsistent with the record evidence of Plaintiff's daily living activities, which included (among other things) folding laundry and driving.  (*Id.*)  The ALJ's written opinion was extensive, and I disagree with Plaintiff's suggestion that the ALJ failed to sufficiently explain why he gave the opinions of Ms. Rodriguez and Ms. Tjaden less weight.[2]

Moreover, there is substantial evidence to support the ALJ's decision not to include more restrictive left upper extremity limitations in the RFC.  In addition to considering the records of Plaintiff's other treating physicians, the ALJ also found persuasive the state administrative medical findings of Dr. Michel, who opined that Plaintiff had the capacity to perform work at the light exertional level with occasional reaching overhead of the left arm and no limitations on reaching, fingering, or handling.  After reviewing all of the evidence, the ALJ adopted an RFC that was more restrictive than even that suggested by Dr. Michel.  The ALJ explained that the sedentary exertion level "address[es] the combination of [Plaintiff's] impairments," and that her reduced left shoulder range

---

[2] *See Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").

of motion "supports the lifting limitations inherent in" sedentary work.  (R. 21.)

Plaintiff takes issue with the ALJ's characterization of her living activities as "extensive."  (R. 21.)  Whether or not that characterization is accurate, the details of Plaintiff's self-reported activities, in combination with the other evidence the ALJ considered, was sufficient to satisfy the substantial evidence threshold.  I do not agree that the ALJ impermissibly equated Plaintiff's activities of daily living with her ability to perform sustained competitive work.  The ALJ's decision makes clear that he based his RFC finding on the entire record, which included evidence of her living activities as well as medical evidence.

Finally, Plaintiff argues that "[t]he ALJ's 'credibility' assessment is generally defective . . . because of his failure to consider Plaintiff's stellar work history in h[is] assessment."  (D.I. 15 at 16.)  At bottom, Plaintiff's argument is that the ALJ should have believed Plaintiff's testimony about her inability to work because Plaintiff is credible, as evidenced by the fact that she worked for many years before applying for Social Security disability benefits.  But there is no requirement in the law or regulations that an ALJ give controlling weight to the testimony of claimants with lengthy work histories.  The regulations do provide that a claimant's prior work record is one of many factors that an ALJ may consider in evaluating the claimant's symptoms and symptom-related functional limitations.[3]  Here, the ALJ's written decision acknowledged that Plaintiff had a lengthy work history in the insurance industry.  The ALJ's failure to further discuss Plaintiff's work history was not reversible error.[4]

---

[3] 20 C.F.R. § 404.1529(c)(3).

[4] *See Lewis v. Berryhill*, No. CV 18-200-LPS, 2019 WL 1236694, at *7 (D. Del. Mar. 18, 2019) (rejecting claimant's argument that the ALJ's "credibility finding" was flawed because it did not expressly mention plaintiff's work history); *Skrbin v. Colvin*, 2016 WL 5390140, at *4 (W.D. Pa. Sept. 26, 2016) (same).

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (D.I. 14) is DENIED and the Commissioner's cross-motion (D.I. 18) is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Defendant and to CLOSE the case.

Dated: September 14, 2022

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE